1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   JAMES GREGORY MARLOW,               )          No. C 10-00980 JF (PR)
                                         )
12            Plaintiff,                 )          ORDER OF DISMISSAL
                                         )
13      v.                               )
                                         )
14                                       )
     R. K. WONG, et al.,                 )
15                                       )
              Defendants.                )
16                                       )
                                         )
17   _____ )

18        Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint

19   pursuant to 42 U.S.C. § 1983.  In his complaint, Plaintiff states that he did not file an

20   administrative appeal to the highest level of review available to him.  Consequently, this

21   case is DISMISSED without prejudice for failure to exhaust administrative remedies.

22        A federal court must conduct a preliminary screening in any case in which a

23   prisoner seeks redress from a governmental entity or officer or employee of a

24   governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any

25   cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

26   claim upon which relief may be granted or seek monetary relief from a defendant who is

27   immune from such relief.  See id. at § 1915A(b)(1),(2).  Pro se pleadings, however, must

28   be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.10\Marlow00980_dis-exh.wpd               1

1    1988).

2          The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321

3    (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions

4    under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail,

5    prison, or other correctional facility until such administrative remedies as are available

6    are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the

7    discretion of the district court.  Woodford v. Ngo, 548 U.S. 81, 84 (2006).  Exhaustion is

8    a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve

9    general conditions or particular episodes, whether they allege excessive force or some

10   other wrong, and even if they seek relief not available in grievance proceedings, such as

11   money damages.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  The exhaustion

12   requirement requires "proper exhaustion" of all available administrative remedies.  Ngo,

13   548 U.S. at 93.

14         The State of California provides its prisoners and parolees the right to appeal

15   administratively "any departmental decision, action, condition or policy perceived by

16   those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, §

17   3084.1(a).  In order to exhaust available administrative remedies within this system, a

18   prisoner must proceed through several levels of appeal: (1) informal review, (2) first

19   formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal

20   to the institution head or designee, and (4) third formal level appeal to the Director of the

21   California Department of Corrections and Rehabilitation.  Barry v Ratelle, 985 F. Supp

22   1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision

23   from the Director's level of review satisfies the exhaustion requirement under § 1997e(a).

24   See id. at 1237-38.

25         Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may

26   be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of

27   the complaint and/or any attached exhibits.  Wyatt v. Terhune, 315 F.3d 1108, 1119-20

28   (9th Cir. 2003).  The Court may dismiss a complaint for failure to exhaust where the

1    prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at

2    1120.  Here, Plaintiff concedes in his complaint that he has not appealed to the highest

3    level of appeal available to him.  (Compl. at 2.)  He states that the reason he did not

4    present his claims through the grievance procedure is that the prison staff "stall[s]

5    grievances, lose them, [and] play games," and that he is in "imminent danger of serious

6    physical injury."  (Id.)  However, Plaintiff does not identify a single grievance to indicate

7    that he has made a good faith effort to seek and exhaust administrative remedies.

8    Furthermore, none of his reasons are exceptions to exhaustion to excuse him from the

9    PLRA's requirement of "proper exhaustion" under Ngo: "Proper exhaustion demands

10   compliance with an agency's deadlines and other critical procedural rules because no

11   adjudicative system can function effectively without imposing some orderly structure on

12   the course of its proceedings."  548 U.S. at 90-91 (footnote omitted).  As it is clear from

13   the complaint that Plaintiff has not "properly exhausted" his claims by pursuing all levels

14   of administrative review available to him, and there is no applicable exception to the

15   exhaustion requirement, dismissal without prejudice is appropriate.

16          Accordingly, the above-titled action is hereby DISMISSED, without prejudice to

17   Plaintiff's refiling his claim after all available administrative remedies have been

18   exhausted.

19          IT IS SO ORDERED.

20   DATED:  5/12/10

                                                 JEREMY FOGEL
21                                               United States District Judge

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JAMES G MARLOW,

                Plaintiff,

  v.

R K WONG, et al.,

                Defendants.

Case Number: CV10-00980 JF

**CERTIFICATE OF SERVICE**

/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on    5/28/10   , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


James Gregory Marlow E-32700
CSP-San Quentin
CA State Prison at San Quentin
San Quentin, CA 94974


Dated:    5/28/10

                               Richard W. Wieking, Clerk